UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS RILEY, as Independent Administrator of the estate of CYNTHIA SUDOR, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No.    17 C 7973 |
| v. | ) ) | Judge |
| ADVOCATE TRINITY HOSPITAL, JACKSON PARK HOSPITAL AND MEDICAL CENTER, ERICKA SEARLES, M.D., RITA MCGUIRE, M.D., and ANEES FATIMA, M.D., | ) ) ) ) ) ) | Formerly Case No. 2017 L 002959 Circuit Court of Cook County, Illinois |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:     Dorothy Brown                                     Dean J. Caras
        Clerk of the Circuit Court                        Dean J. Caras & Associates, P.C.
        Richard J. Daley Center, Room 1001                320 W. Illinois Street, Suite 2216
        50 West Washington Street                         Chicago, Illinois 60654
        Chicago, Illinois 60602

        Kominiarek Bresler Harvick                        Lowis & Gellen LLP
        33 North Dearborn Street, Suite 1310              200 West Adams Street, Suite 1900
        Chicago, Illinois 60602                           Chicago, Illinois 60606

The United States, by its attorney, Joel R. Levin, Acting United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

        1.      On March 22, 2017, plaintiff Marcus Riley, as the independent administrator of the

estate of Cynthia Sudor, deceased, commenced the above civil action against Ericka Searles, M.D.,

and others, alleging medical malpractice.  A copy of the state court complaint is attached as Exhibit

A. Ericka Searles, M.D., is an employee of Chicago Family Health Center, Inc., which is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. Ericka Searles, M.D., was acting within the scope of her employment at Chicago Family Health Center, Inc., with respect to the incidents referred to in the complaint. *Id.*

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that Chicago Family Health Center, Inc., was a private entity receiving grant money from the Public Health Service, and that defendant Ericka Searles, M.D., was acting within the scope of her employment at Chicago Family Health Center, Inc. with respect to the incidents referred to in the complaint. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendant Ericka Searles, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Ericka Searles, M.D.

Respectfully submitted,

JOEL R. LEVIN
Acting United States Attorney

By: s/ Megan E. Donohue
    MEGAN E. DONOHUE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-1877
    megan.donohue@usdoj.gov

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
CALENDAR: D
PAGE 1 of 10
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

Attorney No. 16980

STATE OF ILLINOIS ) 
COUNTY OF COOK ) SS
 )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **MARCUS RILEY, as independent** ) | |
| **administrator to the estate of CYNTHIA** ) | |
| **SUDOR, deceased,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No.** |
| ) | |
| **ADVOCATE TRINITY HOSPITAL,** ) | |
| **JACKSON PARK HOSPITAL AND MEDICAL** ) | |
| **CENTER, ERICKA SEARLES, M.D.,** ) | |
| **RITA MCGUIRE, M.D., AND** ) | |
| **ANEES FATIMA, M.D,** ) | |
| **Defendants.** ) | |

## COMPLAINT

NOW COMES Plaintiff, MARCUS RILEY, as independent administrator to the estate of

CYNTHIA SUDOR, by and through his attorney, Dean J. Caras, and in complaining of

Defendants, ADVOCATE TRINITY HOSPITAL, JACKSON PARK HOSPITAL AND

MEDICAL CENTER, ERICKA SEARLES, M.D., RITA MCGUIRE, M.D., and ANEES

FATIMA, M.D., states as follows:

### COUNT I: WRONGFUL DEATH AGAINST ERICKA SEARLES, M.D.

1. That on or about May 25, 2015, and at all times relevant herein, Cynthia Sudor,

deceased, was an individual residing in the City of Chicago, County of Cook.

2. That Defendant, ERICKA SEARLES, M.D., is and was at all times mentioned

herein a licensed medical doctor engaged on staff as an actual and/or apparent agent at Advocate

Trinity Hospital, City of Chicago, County of Cook, State of Illinois.

1

EXHIBIT A

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 2 of 10

3.      That on or about May 25, 2015, and at all times relevant thereafter, the deceased presented herself under the care and treatment of ERICKA SEARLES, M.D., a licensed physician at Advocate Trinity Hospital for medical care and treatment.

4.      That on or about May 25, 2015, Defendant, ERICKA SEARLES, M.D., owed a duty to CYNTHIA SUDOR to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified medical doctors practicing in the same or similar localities under the circumstances similar to the facts relevant herein.

5.      That despite the aforesaid duty, Defendant, carelessly and negligently provided medical care to the deceased in one or more of the following ways

      a.      Failed to appreciate signs and symptoms of a probable urinary tract infection; including, vaginal bleeding, trace leucocyte esterase and few bacteria on urinalysis;

      b.      Failed to order additional tests including but not limited to a urine culture;

      c.      Failed to treat the urinary tract infection with, but not limited to, antibiotics;

      d.      Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

6.      As a direct and proximate result of one or more of the aforementioned reckless or negligence acts and omissions of Defendant, ERICKA SEARLES, M.D, CYNTHIA SUDOR died on July 6, 2015.

7.      Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley Jr., Marquis Riley, and Makayla Sudor.

8.      As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of

2

companionship and society of the decedent, subjecting Defendant, ERICKA SEARLES, M.D., to

liability pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, MARCUS RILEY, as independent administrator of the estate of

CYNTHIA SUDOR, deceased, prays for judgment in her favor and against Defendant, ERICKA

SEARLES, M.D. in an amount in excess of the jurisdictional limits of this Court, plus whatever

other relief this Court deems just and proper.

## COUNT II: WRONGFUL DEATH AGAINST ADVOCATE TRINITY HOSPITAL BY AND THROUGH ITS EMPLOYEES

9. That on or about May 25, 2015, and at all times relevant herein, CYNTHIA

SUDOR, deceased, was an individual residing in the City of Chicago, County of Cook.

10. That on or about May 25, 2015, and at all times relevant herein, Defendant,

ADVOCATE TRINITY HOSPITAL, held itself out as a provider of complete hospital care and

services and had on its staff licensed physicians who, upon information and belief, were either

actual agents or employees of Defendant, ADVOCATE TRINITY HOSPITAL. Upon

information and belief, Defendant, ERICKA SEARLES, M.D., is an employee of the Defendant,

ADVOCATE TRINITY HOSPITAL.

11. That on or about May 25, 2015, and at all times relevant herein, CYNTHIA

SUDOR, deceased, presented herself under the care and treatment of the aforestated licensed

physicians at Advocate Trinity Hospital.

12. That on May 25, 2015, Defendant, ADVOCATE TRINITY HOSPITAL, owed a

duty, by and through its aforestated agents and/or employees, who were licensed physicians, to

possess and apply the knowledge and use the skill and care ordinarily used by reasonably well

qualified medical doctors practicing in the same or similar localities under the circumstances

similar to the facts relevant herein.

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 3 of 10

3

13. That despite the aforesaid duty, Defendant, ADVOCATE TRINITY HOSPITAL, by and through its aforestated agents and/or employees, who were licensed physicians, carelessly and negligently breached the standard of care in the following ways:

    a.    Failed to appreciate signs and symptoms of a probable urinary tract infection; including, vaginal bleeding, trace leucocyte esterase and few bacteria on urinalysis;

    b.    Failed to order additional tests including but not limited to a urine culture;

    c.    Failed to treat the urinary tract infection with, but not limited to, antibiotics;

    d.    Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

14. As a direct and proximate result of one or more of the aforementioned reckless or negligence acts and omissions of Defendant, ADVOCATE TRINITY HOSPITAL, by and through its agents and/or employees who were licensed physicians, CYNTHIA SUDOR died on July 6, 2015.

15. Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley Jr., Marquis Riley, and Makayla Sudor.

16. As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting Defendant, ADVOCATE TRINITY HOSPITAL, to liability pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, MARCUS RILEY, as independent administrator of the estate of CYNTHIA SUDOR, deceased, prays for judgment in her favor and against Defendant, ADVOCATE TRINITY HOSPITAL in an amount in excess of the jurisdictional limits of this Court, plus whatever other relief this Court deems just and proper.

ELECTRONICALLY FILED
3/2/2017 9:16 AM
2017-L-002959
PAGE 4 of 10

4

## COUNT III: WRONGFUL DEATH AGAINST RITA MCGUIRE, M.D

17.     That on or about May 30, 2015, and at all times relevant herein, Cynthia Sudor, deceased, was an individual residing in the City of Chicago, County of Cook.

18.     That Defendant, RITA MCGUIRE, M.D. is and was at all times mentioned herein a licensed medical doctor engaged on staff as an actual and/or apparent agent at JACKSON PARK HOSPITAL AND MEDICAL CENTER, City of Chicago, County of Cook, State of Illinois.

19.     That on or about May 30, 2015, and at all times relevant thereafter, the deceased presented herself under the care and treatment of RITA MCGUIRE, M.D. a licensed physician at JACKSON PARK HOSPITAL AND MEDICAL CENTER for medical care and treatment.

20.     That on or about May 30, 2015, Defendant, RITA MCGUIRE., owed a duty to CYNTHIA SUDOR to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified medical doctors practicing in the same or similar localities under the circumstances similar to the facts relevant herein.

21.     That despite the aforesaid duty, Defendant, carelessly and negligently provided medical care to the deceased in one or more of the following ways

> a.     Failed to appreciate signs and symptoms of a probable urinary tract infection and probable pyelonephritis; including, back pain, moderate leucocyte esterase, moderate blood, and bacteria on urinalysis;
>
> b.     Failed to order additional tests including but not limited to a urine culture;
>
> c.     Failed to treat the urinary tract infection with, but not limited to, antibiotics;
>
> d.     Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 5 of 10

5

22.     As a direct and proximate result of one or more of the aforementioned reckless or negligence acts and omissions of Defendant, RITA MCGUIRE, M.D, CYNTHIA SUDOR died on July 6, 2015.

23.     Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley Jr., Marquis Riley, and Makayla Sudor.

24.     As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting Defendant, RITA MCGUIRE, M.D., to liability pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, MARCUS RILEY, as independent administrator of the estate of CYNTHIA SUDOR, deceased, prays for judgment in her favor and against Defendant, RITA MCGUIRE, M.D. in an amount in excess of the jurisdictional limits of this Court, plus whatever other relief this Court deems just and proper.

## COUNT IV: WRONGFUL DEATH AGAINST ANEES FATIMA, M.D.

25.     That on or about May 30, 2015, and at all times relevant herein, Cynthia Sudor, deceased, was an individual residing in the City of Chicago, County of Cook.

26.     That Defendant, ANEES FATIMA, M.D. is and was at all times mentioned herein a licensed medical doctor engaged on staff as an actual and/or apparent agent at JACKSON PARK HOSPITAL AND MEDICAL CENTER, City of Chicago, County of Cook, State of Illinois.

27.     That on or about May 30, 2015, and at all times relevant thereafter, the deceased presented herself under the care and treatment of ANEES FATIMA, M.D. a licensed physician at JACKSON PARK HOSPITAL AND MEDICAL CENTER for medical care and treatment.

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 6 of 10

6

28.     That on or about May 30, 2015, Defendant, ANEES FATIMA, M.D., owed a duty to CYNTHIA SUDOR to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified medical doctors practicing in the same or similar localities under the circumstances similar to the facts relevant herein.

29.     That despite the aforesaid duty, Defendant, carelessly and negligently provided medical care to the deceased in one or more of the following ways:

      a.      Failed to appreciate signs and symptoms of a probable urinary tract infection and probable pyelonephritis; including, back pain, moderate leucocyte esterase, moderate blood, and bacteria on urinalysis;

      b.      Failed to order additional tests including but not limited to a urine culture;

      c.      Failed to treat the urinary tract infection with, but not limited to, antibiotics;

      d.      Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

30.     As a direct and proximate result of one or more of the aforementioned reckless or negligence acts and omissions of Defendant, ANEES FATIMA, M.D, CYNTHIA SUDOR died on July 6, 2015.

31.     Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley Jr., Marquis Riley, and Makayla Sudor.

32.     As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting Defendant, ANEES FATIMA, M.D., to liability pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, MARCUS RILEY, as independent administrator of the estate of CYNTHIA SUDOR, deceased, prays for judgment in her favor and against Defendant, ANEES

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 7 of 10

MEDICAL CENTER BY AND THROUGH ITS EMPLOYEES

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 8 of 10

33.     That on or about May 30, 2015, and at all times relevant herein, CYNTHIA SUDOR, deceased, was an individual residing in the City of Chicago, County of Cook.

34.     That on or about May 30, 2015, and at all times relevant herein, Defendant, JACKSON PARK HOSPITAL AND MEDICAL CENTER, held itself out as a provider of complete hospital care and services and had on its staff licensed physicians who, upon information and belief, were either actual agents or employees of Defendant, JACKSON PARK HOSPITAL AND MEDICAL CENTER. Upon information and belief, Defendants, RITA MCGUIRE M.D. and ANEES FATIMA, M.D. are employees of the Defendant, JACKSON PARK HOSPITAL AND MEDICAL CENTER.

35.     That on or about May 30, 2015, and at all times relevant herein, CYNTHIA SUDOR, deceased, presented herself under the care and treatment of the aforestated licensed physicians at Advocate Trinity Hospital.

36.     That on May 30, 2015, Defendant, JACKSON PARK HOSPITAL AND MEDICAL CENTER, owed a duty, by and through its aforestated agents and/or employees, who were licensed physicians, to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified medical doctors practicing in the same or similar localities under the circumstances similar to the facts relevant herein.

37.     That despite the aforesaid duty, Defendant, JACKSON PARK HOSPITAL AND MEDICAL CENTER, by and through its aforestated agents and/or employees, who were

8

licensed physicians, carelessly and negligently breached the standard of care in the following ways:

     a.    Failed to appreciate signs and symptoms of a probable urinary tract infection and probable pyelonephritis; including, back pain, moderate leucocyte esterase, moderate blood, and bacteria on urinalysis;

     b.    Failed to order additional tests including but not limited to a urine culture;

     c.    Failed to treat the urinary tract infection with, but not limited to, antibiotics;

     d.    Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

38.    As a direct and proximate result of one or more of the aforementioned reckless or negligence acts and omissions of Defendant, JACKSON PARK HOSPITAL AND MEDICAL CENTER, by and through its agents and/or employees who were licensed physicians, CYNTHIA SUDOR died on July 6, 2015.

39.    Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley Jr., Marquis Riley, and Makayla Sudor.

40.    As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting Defendant, JACKSON PARK HOSPITAL AND MEDICAL CENTER, to liability pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, MARCUS RILEY, as independent administrator of the estate of CYNTHIA SUDOR, deceased, prays for judgment in her favor and against Defendant, JACKSON PARK HOSPITAL AND MEDICAL CENTER in an amount in excess of the jurisdictional limits of this Court, plus whatever other relief this Court deems just and proper.

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 9 of 10

9

## COUNT VI: SURVIVAL ACTION

41.     Plaintiff restates and realleges paragraphs 1-40 as if fully alleged herein.

42.     That as a direct and proximate result of one or more of the aforesaid acts or omissions of all of Defendants as stated in Counts I, II, and III, IV, and V, decedent CYNTHIA SUDOR did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death, subjecting Defendants to liability pursuant to The Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, MARCUS RILEY, as independent administrator of the estate of CYNTHIA SUDOR, deceased, prays for judgment in her favor and against Defendants, ADVOCATE TRINITY HOSPITAL, ERICKA SEARLES, M.D., RITA MCGUIRE M.D., ANEES FATIMA, M.D., and JACKSON PARK HOSPITAL AND MEDICAL CENTER, in an amount in excess of the jurisdictional limits of this Court, plus whatever other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Dean J. Caras*
Dean J. Caras

Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Suite 2216
Chicago, IL 60654
312-494-1500
Attorney No. 16980

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 10 of 10

10

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
CALENDAR: D
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

Attorney No. 16980
STATE OF ILLINOIS      )
COUNTY OF COOK         )        SS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARCUS RILEY, as independent          )
administrator to the estate of CYNTHIA )
SUDOR, deceased,                       )
                                       )
                    Plaintiff,         )
                                       )
        vs.                            )        Case No.
                                       )
ADVOCATE TRINITY HOSPITAL,             )
JACKSON PARK HOSPITAL AND MEDICAL )
CENTER, AND ERICKA SEARLES, M.D.,      )
RITA MCGUIRE, M.D., AND                )
ANEES FATIMA, M.D,                     )
                    Defendants.        )

## AFFIDAVIT OF DEAN J. CARAS

I, DEAN J. CARAS, being duly sworn on oath, depose and state as follows:

1.      That I have reviewed the facts of the aforementioned case with a medical doctor
practicing in the same area of medicine as the defendants, DRS. ERICKA SEARLES, RITA
MCGUIRE, and ANEES FATIMA, within the last six years in the same area of healthcare and
have consulted with him regarding relevant issues subsequent to his thorough review of the
records and other relevant materials involved in the treatment of the plaintiff.

2.      The reviewing doctor is a physician licensed to practice medicine in all of its branches.
That in his written reports, copies of which are hereto attached, he has indicated opinions
showing a reasonable cause for filing this cause of action.

3.      That it is my opinion after conducting a Section 2-622 investigation of this case, that the
defendants, DRS. ERICKA SEARLES, RITA MCGUIRE, and ANEES FATIMA, conducted
themselves in a fashion below the standard of care applicable to the above healthcare
professionals and healthcare facility. The qualified consulting health professional agrees with
my opinion.

4.      That it is my opinion after conducting a Section 2-622 investigation of this case, that the
defendant, DR. ERICKA SEARLES did the following:

A) Failed to appreciate signs and symptoms of a probable urinary tract infection;
including, vaginal bleeding, trace leucocyte esterase and few bacteria on urinalysis;

I am a medical doctor licensed to practice medicine in all of its branches and have practiced as a doctor within the past 6 years in the same type of medicine at issue in this case. I am knowledgeable in the relevant issues involved in this particular action and am qualified by demonstrated competence, training and experience in the subject matter of this case and am familiar with the standards of care applicable to this case.

I have read and I am familiar with the medical records, facts, and other relevant material regarding the treatment and care of Cynthia Sudor Advocate Trinity Hospital on May 25, 2015 and at Jackson Park Hospital on May 30, 2015 as set forth below.

Based upon the aforesaid material, as well as my experience, knowledge, and training as a doctor, I find that there is a reasonable and meritorious basis for a suit in medical malpractice against the following physicians and institutions:

## NEGLIGENCE OF DR. ERICKA SEARLES

On May 25, 2015, decedent CYNTHIA SUDOR presented herself at Advocate Trinity Hospital under the care of Defendant, DR. ERICKA SEARLES.

It is my opinion that Dr. Ericka Searles failed to exercise a degree of care and skill ordinarily exercised by healthcare facilities and physicians generally under the same or similar circumstances and like surrounding conditions and were negligent and or grossly negligent in the following manners:

A) Failed to appreciate signs and symptoms of a probable urinary tract infection; including, vaginal bleeding, trace leucocyte esterase and few bacteria on urinalysis;

B) Failed to order additional tests including but not limited to a urine culture;

C) Failed to treat the urinary tract infection with, but not limited to, antibiotics;

D) Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

It is my opinion that based on the foregoing, negligence has occurred in the course of care and treatment and that the aforesaid negligent conduct caused or significantly contributed to the injuries, including death, suffered by the decedent who died on July 6, 2015.

That additional reasons may exist or be found to support this opinion upon further development of the case.

## NEGLIGENCE OF DR. RITA MCGUIRE

On May 30, 2015, decedent CYNTHIA SUDOR presented herself at Jackson Park Hospital under the care of Defendant, DR. RITA MCGUIRE.

It is my opinion that DR. RITA MCGUIRE failed to exercise a degree of care and skill ordinarily exercised by healthcare facilities and physicians generally under the same or similar circumstances and like surrounding conditions and were negligent and or grossly negligent in the following manners:

A) Failed to appreciate signs and symptoms of a probable urinary tract infection and probable pyelonephritis, including back pain and moderate leucocyte esterase, moderate blood, and bacteria on urinalysis;

B) Failed to order additional tests including but not limited to a urine culture;

C) Failed to treat the urinary tract infection with, but not limited to, antibiotics;

D) Discharged Cynthia Sudor despite her exhibit of obvious signs and symptoms of pyelonephritis and urinary tract infection.

It is my opinion that based on the foregoing, negligence has occurred in the course of care and treatment and that the aforesaid negligent conduct caused or significantly contributed to the injuries, including death, suffered by the decedent.

That additional reasons may exist or be found to support this opinion upon further development of the case.

## NEGLIGENCE OF DR. ANEES FATIMA

On May 30, 2015, decedent CYNTHIA SUDOR presented herself at Jackson Park Hospital under the care of Defendant, DR. ANEES FATIMA.

It is my opinion that DR. ANEES FATIMA failed to exercise a degree of care and skill ordinarily exercised by healthcare facilities and physicians generally under the same or similar circumstances and like surrounding conditions and were negligent and or grossly negligent in the following manners:

A) Failed to appreciate signs and symptoms of a probable urinary tract infection and probable pyelonephritis, including back pain and moderate leucocyte esterase, moderate blood, and bacteria on urinalysis;

B) Failed to order additional tests including but not limited to a urine culture;

C) Failed to treat the urinary tract infection with, but not limited to, antibiotics;

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 2 of 3

D) Discharged Cynthia Sudor despite her exhibit of obvious signs and symptoms of pyelonephritis and urinary tract infection.

It is my opinion that based on the foregoing, negligence has occurred in the course of care and treatment and that the aforesaid negligent conduct caused or significantly contributed to the injuries, including death, suffered by the decedent.

That additional reasons may exist or be found to support this opinion upon further development of the case.

B. Veeren Chithriki, M.D.

ELECTRONICALLY FILED
3/22/2017 9:16 AM
2017-L-002959
PAGE 3 of 3

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Marcus Riley, as Independent Administrator to the Estate of Cynthia Sudor, deceased, v. Advocate Trinity Hospital, et al.,* No. 2017 L 2959 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Chicago Family Health Center, Inc., was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Ericka Searles, M.D., was acting within the scope of her employment at Chicago Family Health Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Ericka Searles, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: November 1, 2017

EXHIBIT B