UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS RILEY, as Independent Administrator of the estate of CYNTHIA SUDOR, deceased, </br></br> Plaintiff, </br></br> v. </br></br> ADVOCATE TRINITY HOSPITAL, JACKSON PARK HOSPITAL AND MEDICAL CENTER, UNITED STATES OF AMERICA, RITA MCGUIRE, M.D., and ANEES FATIMA, M.D., </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> No. 17 C 07973 |

**UNITED STATES' MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, moves to dismiss this Federal Tort Claims Act case for failure to exhaust pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and in support, states as follows:

1. On or about March 22, 2017, plaintiff Marcus Riley, as independent administrator of the estate of Cynthia Sudor, deceased, commenced a civil action against Advocate Trinity Hospital, Jackson Park Hospital and Medical Center, Ericka Searles, M.D., Rita McGuire, M.D., and Anees Fatima, M.D., alleging medical malpractice. Ericka Searles, M.D. is an employee of Chicago Family Health Center, Inc., which is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Ericka Searles, M.D. was acting within the scope of her employment at Chicago Family Health Center, Inc. with respect to the incidents referenced in the complaint.

2.     On November 3, 2017, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Ericka Searles, M.D., pursuant to 42 U.S.C. § 233.

3.     This case is governed by 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against an employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233(c).

4.     No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kannar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States,* 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings,* 463 F.2d at 1179; *see United States v. Kwai Fun Wong,* 135 S. Ct. 1625, 1633 (2015) (indicating that the requirement is jurisdictional).

5.     The complaint in this case does not allege that plaintiff ever presented the administrative claim required by the FCTA, and a search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiff has not filed an

administrative tort claim with the Department. *See* Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss, the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed for failure to exhaust administrative remedies.

    Respectfully submitted,

    JOEL R. LEVIN
    Acting United States Attorney

    By: s/ Megan E. Donohue
        MEGAN E. DONOHUE
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-1877
        megan.donohue@usdoj.gov

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Marcus Riley, as Independent Administrator to the Estate of Cynthia Sudor, deceased, <br><br> Plaintiff, <br><br> v. <br><br> Advocate Trinity Hospital, Jackson Park Hospital and Medical Center, Ericka Searles, M.D., Rita McGuire, M.D., and Anees Fatima, M.D, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

DECLARATION OF
MEREDITH TORRES

1. I am an Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if an administrative tort claim had been filed with the Department with respect to Chicago Family Health Center, Inc., its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

1

4. I have caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Marcus Riley, as independent administrator of the estate of Cynthia Sudor, deceased, and/or an authorized representative relating to Chicago Family Health Center, Inc., and Dr. Ericka Searles.

5. I have also reviewed official Agency records and determined that Chicago Family Health Center, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2014 and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C.§ 233 (g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Chicago Family Health Center, Inc., is attached to this declaration as Exhibit 1.

6. Official Agency records also indicate that Dr. Ericka Searles was an employee of Chicago Family Health Center, Inc., at all times relevant to the Plaintiff's complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 27 day of Oct, 2017.

*Meredith Torres*

MEREDITH TORRES
Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

2